## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IESHA PHELPS and          :      CIVIL NO: 3:25-CV-02218
EDDIE CURTIS LUCAS,        :
                                        :
           Plaintiffs,        :      (Magistrate Judge Schwab)
                                        :
            v.                     :
                                        :
SUPERVISOR SHALAINE E., *et al*.,    :
                                        :
           Defendants.      :

## REPORT AND RECOMMENDATION

### I. Introduction.

Plaintiff Iesha Phelps and Eddie Curtis Lucas bring claims relating to Phelps's discharge from the Lehigh Valley Hospital. After screening the complaint, we concluded that Lucas had not pleaded that he has standing to bring such claims. We also concluded that the complaint fails to state a claim upon which relief can be granted. But we granted Phelps and Lucas leave to file an amended complaint to attempt to cure these deficiencies. They have not, however, filed an amended complaint. Thus, we recommend that the court dismiss this case.

### II. Background.

Phelps and Lucas began this action by filing a complaint. *Doc. 1*. They also filed applications to proceed *in forma pauperis*, which we granted. *Docs. 4–6*.

Phelps and Lucas appear to name two defendants both with the Lehigh Valley Hospital: (1) Shalaine E. Register, ("Register"),[1] identified as a supervisor at the Hospital; and (2) "Security Staff 10:00 P.M. Shift." *Doc.* 1 at 1, 2, 5.  The complaint is not clear, but construing the complaint liberally since Phelps and Lucas are proceeding pro se, we construe the complaint as alleging the following facts.

On November 13, 2025, Phelps and Lucas, along with their 13-year-old son, arrived at the Lehigh Valley Hospital at 6:00 a.m. because Phelps was having surgery—uterine fibroid embolization. *Id.* at 2, 3, 5.  Phelp's surgery was successful. *Id.* at 3  But later in the evening, Phelps and Lucas (and their family) were told to leave the Hospital. *Id.* at 5.  They allege that Register was cruel, and she told Phelps that she must leave the Hospital at 10:00 p.m. *Id.*  According to Phelps and Lucas, they were not informed of Hospital policies, and Phelps was discharged without proper medication, medical advice, or documentation. *Id.* Phelps and Lucas contend that this constitutes a due process violation and a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause. *Id.* at 2, 5, 6.  They also make a passing reference to the Fourteenth Amendment prohibiting discrimination based on race, color, religion, sex, or national origin, but

---

[1] In the caption and page two of the complaint, Phelps and Lucas identify this defendant as Shalaine E., *see doc. 1* at 1 (caption), 2, but on page 5 of the complaint, they identify her as Shalaine E. Register, *id.* at 5.

they do not allege facts showing that such prohibition is implicated in this case. *Id*. at 6.  Phelps and Lucas are seeking $ 500,000 for pain and suffering. *Id*. at 3, 6.

We screened the complaint, and we concluded that Lucas had not alleged facts showing that he has standing to bring the claims in this case.  We also concluded that the complaint failed to state a claim upon which relief can be granted.  We granted Phelps and Lucas leave to file an amended complaint to attempt to cure the noted deficiencies.  They have not filed an amended complaint.[2] For the reasons set forth below, we recommend that the court dismiss this case.

## III.  Standing of Lucas.

Before turning to whether the complaint states a claim upon which relief can be granted, we address whether Lucas has alleged standing.

"It is well established that a federal court has a duty to assure itself that the persons invoking its power have standing to do so under Article III of the Constitution." *Wayne Land & Mineral Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 570 (3d Cir. 2020).  Article III standing "is an 'irreducible constitutional minimum,' without which a court" does not have jurisdiction to

---

[2] The copy of the Order screening the complaint and giving Phelps and Lucas leave to amend that was mailed to Lucas at his address on the record was returned as undeliverable. *See doc. 8*.  It appears that Lucas failed to keep the court informed of his address as required by M.D. Pa. L.R. 83.18.  The copy of the Order screening the complaint and giving Phelps and Lucas leave to amend that was mailed to Phelps has not been returned.

decide the case on the merits. *Id*. at 574 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id*.  And "[w]here, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id*. (footnote omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Here, Phelps and Lucas allege that they were told to leave the Hospital. *Doc. 1* at 5.  According to Phelps and Lucas, they were not informed of Hospital policies, and Phelps was discharged without proper medication, medical advice, or documentation. *Id*.  Although, as alleged, Lucas—as well as Phelps—was told to leave the hospital, the purported violation of rights appears to be that Phelps was discharged without proper medical advice and medication.  There are no allegations to suggest that Lucas suffered an injury in fact from that discharge. Accordingly, Lucas fails to allege facts from which it can reasonably be inferred that he has standing to assert the claims in this case.

4

**IV.  Screening of *In Forma Pauperis* Complaints—Standard of Review.**

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a complaint brought *in forma pauperis* if it determines that certain specified conditions are met.  More specifically, the court must dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The statement required by Rule 8(a)(2) must give the defendant fair

5

notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cnty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).  But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations

6

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

In sum, "[w]e accept as true all factual matters [the plaintiff] alleges, but his complaint cannot survive unless the facts it recites are enough to state plausible grounds for relief." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Iqbal*, 556 U.S. at 678).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  But "[a] claim that relies just on 'conclusory statements,' or on 'threadbare recitals of the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief." *Beasley*, 14 F.4th at 231 (quoting *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020)).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). "Notwithstanding the rule of liberal construction, a pro se complaint may not survive dismissal if its factual allegations do not meet Iqbal's basic plausibility standard." *Beasley*, 14 F.4th at 231. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson*, 551 U.S. at 93).

**V.  The complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted.**

The complaint is not clear.  It is defective in both form and substance.  As to form, the complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  As to substance, the complaint fails to state a claim upon which relief can be granted.

**A.  The complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure.**

The complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure.  "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  "This already liberal standard is 'even more

8

pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 94).  "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*.  Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Liberally construing the complaint, we nevertheless conclude that the complaint fails to comply with Fed. R. Civ. P. 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1).

Phelps and Lucas have not set forth a short and plain statement of their claim.  Although they name Register and the security staff at the Hospital as defendants, they make only one general allegation regarding Register—that she told Phelps that she had to leave the Hospital, and no allegations regarding the security staff.

Nor does the complaint comply with Fed. R. Civ. P. 10(b), which provides, among other things, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate

transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). Here, Phelps and Lucas have not included numbered paragraphs. And it is not clear which claims Phelps and Lucas intended to bring against which defendants.

The failure to comply with the above requirements as to form has led to substantive defects. It is generally unclear from the complaint how the defendants are alleged to have violated Phelps and Lucas's federal rights. Given this, the complaint fails to state a claim upon which relief can be granted.

**B.  The complaint fails to state a claim upon which relief can be granted.**

Phelps and Lucas bring claims under 42 U.S.C. § 1983. *Doc. 1* at 1 (citing 42 U.S.C. § 1983). "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under §1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

10

"Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains Twp. Police Dept.*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v. Latshaw,* 164 F.3d 141, 146 (3d Cir.1998)).  The Supreme Court has established several approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2002). The United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) whether 'the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).  "The inquiry is fact-specific," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995), and "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.,* 531

11

U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

"[T]he relevant question is not whether the private actor and the state have a close relationship generally, but whether there is 'such a close nexus between the State and *the challenged action* that seemingly private behavior may be fairly treated as that of the State itself.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (emphasis in original) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). "In other words, the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).

An otherwise private actor may act under color of state law when engaged in a conspiracy with a state official. *Dennis v. Sparks*, 449 U.S. 24, 29 (1980). "The essence of a conspiracy is an agreement." *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir. 1989). "To demonstrate the existence of a conspiracy under § 1983, 'a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012) (quoting *Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir.1993), *abrogated on other grounds by United Artists*

12

*Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392 (3d Cir. 2003)).

Because direct evidence of a conspiracy is rarely available, the existence of a

conspiracy may be inferred from the circumstances. *Capogrosso v. The Supreme*

*Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).  Still, to plead a

conspiracy, a plaintiff must allege "facts from which a conspiratorial agreement

can be inferred." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d

159, 178 (3d Cir. 2010).  "To properly plead such an agreement, 'a bare assertion

of conspiracy will not suffice.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

Here, Phelps and Lucas do not allege facts suggesting that Register or the

security staff at the Lehigh Valley Hospital acted under color of state law.

Accordingly, the complaint fails to state a 42 U.S.C. § 1983 claim upon which

relief can be granted.

## VI.  Leave to Amend.

Before dismissing a complaint under the screening provisions of 28 U.S.C.

§ 1915, the court must grant the plaintiff leave to amend his complaint unless

amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*,

293 F.3d 103, 114 (3d Cir. 2002).  After screening the complaint, although it

appeared unlikely that Phelps and Lucas would be able to amend to state a claim

upon which relief can be granted or that Lucas would be able to amend to allege

13

standing, given the liberal standard for leave to amend, we nevertheless gave them leave to file an amended complaint. But they did not file an amended complaint. Granting further leave to amend would be futile.

## VII.   Recommendations.

For the foregoing reasons, we recommend that the court dismiss the claims brought by Lucas for lack of standing, that the court dismiss the complaint for failure to state a claim upon which relief can be granted, and that the court close this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

14

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of March, 2026.

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
United States Magistrate Judge