**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IESHA PHELPS and EDDIE CURTIS LUCAS, | : | 3:25cv2218 |
|       **Plaintiffs** | : | (Judge Munley) |
| | : | |
|     v. | : | (Magistrate Judge Schwab) |
| | : | |
| SUPERVISOR SHALAINE E. and SECURITY STAFF, | : | |
|       **Defendants** | : | |

## ORDER

Before the court is the Report and Recommendation ("R&R") of United States Magistrate Judge Susan E. Schwab in this civil rights action filed against employees of Lehigh Valley Hospital ("LVH") in Allentown. (Doc. 9). The R&R will be adopted. The belatedly filed amended complaint, reviewed on its merits, again fails to allege conduct under the color of state law and will be dismissed. The dismissal will be with prejudice because amendment would be futile.

According to the *pro se* complaint, Plaintiff Iesha Phelps Lucas underwent uterine fibroid embolization on November 13, 2025 at LVH and was discharged that same day. (Doc. 1). Plaintiffs aver that LVH Supervisor Shalaine E. Register became very cruel and told Iesha Phelps Lucas that she had to leave the premises at 10:00 PM. Id. Based on the allegations and the fact that "Security Staff" are named as John Doe defendants in the caption, Defendant

Register ostensibly ordered plaintiffs to leave the hospital, and they departed after some type of confrontation with hospital security officers present. Id.  These facts are unclear.  What is clear is that the complaint is drafted from the perspective of Phelps Lucas's husband, Plaintiff Eddie Curtis Lucas, and the plaintiffs allege Eighth Amendment violations by a non-profit health system for failure to provide Iesha Phelps Lucas with proper medication and documentation. Id.

On February 10, 2026, Magistrate Judge Schwab screened the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and determined that it failed to state a claim. (Doc. 6).  Magistrate Judge Schwab determined that Eddie Curtis Lucas lacked standing.  That is, according to the magistrate's review, the plaintiffs failed to allege that the husband sustained an injury in fact from his wife's alleged medically improper premature discharge from LVH.  As for Iesha Phelps Lucas's claims, Magistrate Judge Schwab identified numerous deficiencies in the complaint, from the form of the pleading and its lack of clarity to the failure of the complaint to allege how a non-profit health system acted under the color of state law for the purposes of advancing a Section 1983 claim.

Magistrate Judge Schwab further provided the plaintiffs with a roadmap to a successful pleading and established a deadline for the plaintiffs to submit an

2

amended complaint — 28 days.  The deadline for the submission of an amended complaint was four weeks later, or March 10, 2026.

Twenty days after that deadline passed without the filing of an amended complaint, Magistrate Judge Schwab issued the instant R&R.  Magistrate Judge Schwab recommends that the court dismiss the claims brought by Plaintiff Eddie Curtis Lucas for lack of standing, that the court dismiss the complaint for failure to state a claim upon which relief can be granted, and that the case be closed without further leave to file an amended pleading.

The next day, March 31, 2026, the Clerk of Court docketed an amended complaint. (Doc. 10)  The envelope containing the amended complaint was postmarked March 28, 2026 with a return address identifying only Eddie Lucas.  A certificate of service ostensibly drafted by Lucas indicates that he served the amended complaint on the court on March 24, 2026.  The amended complaint and certificates of service are unsigned.  Despite these issues, numerous and glaring as they are, the appropriate course is to consider the amended pleading on its merits.

The appropriate course also involves considering the R&R under the no clear error or manifest injustice standard.  That is, the R&R was issued on March 30, 2026.  Parties have 14 days to file objections to an R&R after being served with a copy of the recommended disposition. FED. R. CIV. P. 72(b)(2); M.D. PA.

3

L.R. 72.3.  No objections to the R&R were filed and the time for such filing has passed.  Neither plaintiff requested an extension of time.  Instead, the plaintiffs submitted an unsigned amended complaint which did not address any of the issues identified by the magistrate judge in her thorough screening of the complaint.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review of the complaint, the R&R, and the proffered amended complaint, the court finds neither clear error on the face of the record nor a manifest injustice.  Therefore, the court will accept the R&R, and adopt it in its entirety, particularly after considering plaintiffs' second attempt to state a claim under 42 U.S.C. § 1983.

Specifically, the amended complaint fails to address any of the deficiencies addressed in Magistrate Judge Schwab's February 10, 2026 order.  Paradoxically, the amended complaint is less clear but adds more alleged

4

constitutional violations.  That is, it invokes the Due Process Clause and Equal Protection Clause without facts supporting a cognizable claim under these provisions of the Fourteenth Amendment.  The amended complaint also largely repeats the hospital's boilerplate discharge instructions with commentary that these discharge instructions were worthless due to the alleged premature discharge from the hospital.

Strong inferences may be derived from the record that Eddie Curtis Lucas drafted the complaint and the unsigned amended complaint.  To the extent that Eddie Curtis Lucas asserts claims on behalf of his wife, he is unable to do so under the law. See Murray on behalf of Purnell v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court.") (citations omitted);  28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

To the extent that he asserts claims on his own behalf, Eddie Curtis Lucas has also not established standing to proceed with a Section 1983 claim.  The "irreducible constitutional" minimum of standing requires, among other things, that the plaintiff must have suffered an injury in fact—an invasion of a legally

5

protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted). All allegations in the complaint and amended complaint refer to medical care administered to Iesha Phelps Lucas, or the lack thereof. If there was a confrontation between an LVH supervisor, security staff, and Eddie Curtis Lucas that rose to a constitutional injury, that has never been made clear in the two rounds of pleadings. Magistrate Judge Schwab cogently identified this issue, and this issue carries through to the amended complaint. In two tries, plaintiffs have not set forth Eddie Curtis Lucas's injury in fact.

As for the claims of Iesha Phelps Lucas, the undersigned is in no better position than Magistrate Judge Schwab when it comes to understanding how the employees of LVH acted under the color of state law for the purposes of any civil rights claim asserted by Iesha Phelps Lucas. Action under color of state law requires that one liable under Section 1983 has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citation omitted). There are no allegations meeting these basic Section 1983 requirements. LVH is not a municipality or a Commonwealth actor. No reasonable inferences can be drawn from the identity of the defendants that they acted under the color of state law.

6

Timely or untimely, the amended complaint does not address the fatal issues identified in the R&R and fails to state a claim.  Further amendment will not be permitted since the plaintiffs were provided with an opportunity to do so without success and a second amended complaint would be an exercise in futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Therefore, this action will be dismissed with prejudice.

The court, however, appreciates that Iesha Phelps Curtis may have sustained an injury from her treatment at LVH that does not rise to a constitutional level.  Nothing in this order precludes the plaintiffs from pursuing any state law tort claims in state court.

Consequently, for the reasons set forth above, it is hereby **ORDERED** as follows:

1) The R&R, (Doc. 9), is **ADOPTED**;

2) The complaint, (Doc. 1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3) The subsequently filed amended complaint likewise fails to state a claim after independent preliminary review by this court;

4) The amended complaint, (Docs. 10–11), is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

5) The Clerk of Court is directed to close this case.

Date: _4/23/26_

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court